UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SALLY A. THURSTON,

                       Plaintiff,                1:14-CV-1150
                                                          (GTS/DEP)
v.

FRANCIS J. SISCA; ELVIRA H. SISCA;
FRANCIS J. SISCA, JR.; ELIZABETH
SISCA; and PETER F. SISCA, ESQ, as
escrow agent,

                       Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

STAFFORD, CARR & McNALLY, P.C.        ROBERT P. McNALLY, ESQ.
  Counsel for Plaintiff                          THOMAS R. KNAPP, ESQ.
175 Ottawa Street
Lake George, New York 12845

IVEY, BARNUM & O'MARA, LLC            ANDREA C. SISCA, ESQ.
  Counsel for Defendants                   STEPHEN G. WALKO, ESQ.
170 Mason Street
Greenwich, Connecticut 06830

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

       Currently before the Court, in this breach-of-contract action filed by Sally A. Thurston

("Plaintiff") against Francis J. Sisca, Elvira H. Sisca, Francis J. Sisca, Jr., and Elizabeth Sisca

("Sellers") and Peter F. Sisca, Esq., as escrow agent ("Defendant"), is Defendant's motion (1) for

an Order dismissing Plaintiff's claims against him for failure to state a claim upon which relief

can be granted pursuant to Fed. R. Civ. P. 12(b)(6), or directing him to deposit Plaintiff's down

payment, currently in escrow, with the Warren County Clerk pursuant to Fed. R. Civ. P. 67, and

discharging him from this action, and (2) directing Plaintiff to pay his costs and reasonable attorneys' fees incurred in connection with his duties (in the amount of $1,631.01). (Dkt. No. 4.) For the reasons set forth below, Defendant's motion is granted in part and denied in part.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Complaint

Generally, liberally construed, Plaintiff's Complaint alleges as follows. (Dkt. No. 1, Attach. 1.) Defendants Francis J. Sisca, Elvira H. Sisca, Francis J. Sisca, Jr., and Elizabeth Sisca ("Sellers") own a residential property in the Town of Bolton Landing in Warren County, New York. (Dkt. No. 1, Attach. 1 at ¶ 1-2 [Plf.'s Compl.].) Sellers agreed to sell the property to Plaintiff pursuant to a Residential Contract of Sale ("the Contract"), dated June 1, 2014, as well as a Rider to the Contract ("the Rider"). (*Id.* at ¶¶ 3, 5.) Pursuant to paragraph 3(a) of the Contract, Plaintiff deposited $199,500 into escrow as a ten-percent down payment with Defendant, the escrowee. (*Id.* at ¶ 4; Dkt. No. 1, Attach. 1 at 14 ¶ 3[a] [the Contract, attached as Ex. B to Plf.'s Compl.]; Dkt. No. 1, Attach. 1, at 29 [Escrow Check dated May 27, 2014, attached as Ex. C to Plf.'s Compl.].)

Plaintiff subsequently retained Gerald A. Devoe ("Devoe"), a licensed home inspector, to inspect the property, and an inspection was conducted on June 11, 2014. (Dkt. No. 1, Attach. 1 at ¶ 8.) As part of his inspection, Devoe conducted a well-flow test and observed evidence of "failure" of the septic system to meet the demand requirements of his test. (*Id.* at ¶ 10-11.) Devoe noted that the "leaching field was actively failing under [his] septic loading test . . . ." (*Id.* at ¶ 11.)

Following the inspection, Plaintiff's attorney orally notified Defendant, who was also serving as Sellers' attorney, of the septic system test results. (*Id.* at ¶ 13.) Thereafter, on June 20, 2014, Plaintiff's attorney e-mailed Defendant, advising him that Plaintiff decided not to proceed with the purchase unless a new septic system was installed. (*Id.* at ¶ 14; Dkt. No. 1, Attach. 1, at 63 [E-mail message, attached as "Ex. G" to Plf.'s Compl.].) Plaintiff's attorney further advised that the e-mail message would "serve as formal notice of [Plaintiff's] recession [*sic*] of the Contract unless" the parties could reach a new agreement regarding the septic system. (*Id.* at ¶ 14; Dkt. No. 1, Attach. 1, at 63.)

On June 21, 2014, Defendant responded to the notification, explaining that Sellers had instructed him to return the down payment to Plaintiff on June 23, 2014, and relist the property for sale. (*Id.* at ¶ 16; Dkt. No. 1, Attach. 1 at 65 [E-mail message from Sisca to Plaintiff's attorney, attached as "Ex. H" to Plf.'s Compl.].) Instead of returning the down payment, however, Francis J. Sisca, Jr., contacted Plaintiff by telephone to "discuss the situation further." (*Id.* at ¶ 17.) On June 26, 2014, Plaintiff met with an independent engineer who concurred with Devoe's finding that the septic system failed on the day it was tested. (*Id.* at ¶ 19.)

On July 1, 2014, Defendant e-mailed to Plaintiff's attorney Sellers' requirements for retesting the septic system. (*Id.* at ¶ 17; Dkt. No. 1, Attach. 1 at 67 [E-mail message, attached as "Ex. I" to Plf.'s Compl.].) On July 3, 2014, Plaintiff's attorney responded that Plaintiff rejected those requirements for retesting and reiterated her decision to terminate the contract. (*Id.* at ¶ 21; Dkt. No. 1, Attach. 1 at 69 [E-mail message, attached as "Ex. J" to Plf.'s Compl.].)

On July 11, 2014, Defendant replied to Plaintiff's counsel's e-mail message dated July 3, 2014, and informed him that Sellers would not return Plaintiff's down payment until they

determined how they "wishe[d] to proceed." (*Id.* at ¶ 22.; Dkt. No. 1, Attach. 1 at 71.)[1] In a letter dated July 24, 2014, Plaintiff again provided written notification that she was exercising her right to terminate the Contract and demanded return of the down payment. (*Id.* at ¶ 23; Dkt. No. 1, Attach. 1 at 73 [Letter, attached as "Ex. L" to Plf.'s Compl.].) In a letter to Plaintiff's attorney bearing the same date, Defendant stated that Sellers rejected Plaintiff's attempt to terminate the contract and asserted that "the contract remains in full force and effect." (*Id.* at ¶ 24; Dkt. No. 1, Attach. 1, at 77 [Letter, attached as "Ex. M" to Plf.'s Compl.].)

Based upon these factual allegations, Plaintiff asserts two claims: (1) a claim that she is entitled to a judicial declaration that she has the contractual right to terminate the Contract and has validly exercised that right; and (2) a claim that Sellers have breached the Contract because they have not returned Plaintiff's down payment and Defendant, "as Escrowee, has refused to return the [down] payment." (*Id.* at ¶¶ 23-29.)[2]

**B.     Parties' Briefing on Defendant's Motion**

**1.     Defendant's Memorandum of Law-in-Chief**

With respect to that portion of his motion seeking dismissal of the Complaint, Defendant advances three arguments. (Dkt. No. 4, Attach. 1 [Def.'s Memo. of Law].) First, Defendant argues that the only factual allegation related to him–that, as escrowee, he refused to return Plaintiff's down payment–does not constitute a breach of contract. (*Id.* at 3.)

---

[1] The copy of the e-mail message attached to Plaintiff's Complaint is largely unreadable. A clearer copy of what appears to be the same e-mail message is located at page 79 of Docket Number 1, Attachment 3.

[2] Sellers filed an Answer with counterclaims in which Defendant, who filed the present motion, did not join. (Dkt. No. 5 [Answer].)

Second, Defendant argues that, in any event, he is not the escrowee under the Contract, but rather law firm Sisca Sisca & Associates LLP is the escrowee. (*Id.* at 4.)

Third, Defendant argues that, under the Contract, the escrowee is entitled to defense and indemnification from the parties to the Contract for any actions or omissions unless taken in bad faith, in willful disregard of the Contract, or in a grossly negligent manner, none of which Plaintiff alleges in her Complaint. (*Id.* at 4-5, citing Dkt. No. 4, Attach. 2 [Def.'s Affidavit, attached to which as Ex. 1 is the Contract].)[3]

With respect to his request that the Court order that he ("both individually and in his capacity as a member of the Law Firm") deposit Plaintiff's down payment with the Warren County Clerk and be discharged as escrowee, Defendant generally advances two arguments: (1) deposit of Plaintiff's down payment is appropriate under Fed. R. Civ. P. 67(a) (Dkt. 4, Attach. 1 at 5-6); and (2) deposit of Plaintiff's down payment and discharge of Defendant is appropriate under the Contract, which provides that the escrowee "shall have the right at any time to deposit

---

[3] Although Defendant's motion seeks, in part, dismissal pursuant to Fed. R. Civ. P. 12(b)(6), both Plaintiff and Defendant submitted an affidavit or affirmation in support of their respective positions. (Dkt. No. 4, Attach. 2 [Def.'s Affidavit]; Dkt. No. 11 [Plf.'s Counsel's Affirmation].) While these affidavits may not be considered on a motion to dismiss for failure to state a claim, the documents attached to the Complaint and incorporated by reference in it may be considered without converting the motion into one for summary judgment. (Dkt. No. 1, Attach. 1 at 14-17 [attaching the Contract as Ex. B to Plf.'s Compl.].) Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties without objection), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case. *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *see also Knight v. Fed. Nat'l Mortg. Ass'n,* 13-CV-0183, 2014 WL 4901617, at *10, n.3 (N.D.N.Y. Sept. 30, 2014) (Suddaby, J.) (collecting cases).

the Downpayment and the interest thereon with the clerk of a court in the county in which the [p]remises are located . . ." (*Id.*, citing Dkt. No. 4, Attach. 2 at 5-6 ¶ 6[a] [Def.'s Affidavit, attaching the Contract as "Ex. 1"]). Defendant argues that, upon depositing Plaintiff's down payment with the Warren County Clerk, the Court should "discharg[e] him from this action" because the Contract provides that the escrowee will be discharged of all further obligations and responsibilities upon deposit or disbursement of the down payment. (*Id.* at 6.)

With respect to his request for an award of costs and attorneys' fees incurred in associated with the motion, Defendant argues that the Contract provides for such an award. (*Id.*) Specifically, the Contract provides as follows, in pertinent part:

> Seller and Purchaser jointly and severally agree to defend, indemnify and hold Escrowee harmless from and against all costs, claims and expenses (including reasonable attorney's fees) incurred in connection with the performance of Escrowee's duties hereunder, except with respect to actions or omissions taken or suffered by Escrowee in bad faith, willful disregard of this contract or involving gross negligence on the part of Escrowee.

(Dkt. No. 1, Attach. 1 at 15 ¶ 6[b].)[4] In an affidavit accompanying his memorandum of law, Defendant asserts that he attempted to contact Plaintiff's counsel by phone regarding the deposit of the down payment with the Warren County Clerk, but did not receive a return call. (Dkt. No. 4, Attach. 2 at ¶ 5 [Defendant's Affidavit].) Thereafter, Defendant "transmitted" the down

---

[4] In support of this part of his motion, Defendant has also submitted an "Affidavit of Attorneys' Fees," sworn to by Edward T. Krumeich, Esq., a member of Ivey, Barnum & O'Mara, LLC, "attorneys for Peter F. Sisca, Esq. as escrow agent[.]" (Dkt. No. 4, Attach. 3 at ¶ 1 [Krumeich Affidavit].) Krumeich asserts that the total costs and attorneys' fees incurred by Defendant are $3,262.02, which is the result of legal research and drafting the documents related to the motion to dismiss, as well as the cost of Defendant's failed attempt to deposit the down payment with the Warren County Clerk by overnight mail. (*Id.* at ¶¶ 2, 4, 6.) Defendant seeks half of the total amount, $1,631.01, from Plaintiff pursuant to the Contract. (*Id.* at ¶¶ 7-8.)

payment to the Warren County Clerk; but the Clerk informed Defendant that a court order was needed to deposit the down payment and returned the down payment to Defendant. (*Id.*)

### 2. Plaintiff's Partial Opposition

In response to Defendant's motion to dismiss, Plaintiff consents, through counsel, to the following three things: (1) the deposit of her down payment with the Clerk of Warren County, "provided that no portion of the down payment may be paid out without final order of this Court or [a] written, signed agreement between the parties"; (2) the discharging of Defendant as escrow agent once the down payment has been deposited; and (3) the dismissal of Defendant from the lawsuit once the down payment has been deposited.[5] (Dkt. No. 11 at ¶¶ 11-13 [Plf.'s Counsel's Affirmation].)[6]

Plaintiff opposes only that part of Defendant's motion which requests an award of costs and attorneys' fees. In this regard, Plaintiff advances three arguments in her memorandum of law. (Dkt. No. 12 at 1-6 [Plf.'s Opp'n Memo. of Law].)[7] First, Plaintiff appears to argue that Defendant's request is foreclosed because, in their Answer, Sellers did not assert a counterclaim for, and did not otherwise reference, the escrow agent's costs. (*Id.* at 1-3.)

---

[5] According to counsel, Defendant was "named as a party" for the following reasons: "as stakeholder and escrow agent; because of his imminent threat to release the down payment in violation of [the Contract]; so that he would be subject to the order of [New York State] Supreme Court and so that complete relief could be afforded the parties." (Dkt. No. 11 at ¶ 13.)

[6] Plaintiff's counsel is respectfully reminded that, pursuant to the Court's Local Rules of Practice, arguments may not be asserted in affidavits. N.D.N.Y. L.R. 7.1(a)(2).

[7] Plaintiff incorrectly identifies Defendant's motion as one for summary judgment. (Dkt. No. 12 at 1, 2, 3, 6.) In his memorandum of law, Defendant expressly relies upon Fed. R. Civ. P. 12(b)(6) and recites the standard of review on a motion to dismiss. (Dkt. No. 4, Attach. 1 at 2 [Def.'s Memo. of Law].)

Second, Plaintiff argues that Defendant's "willfulness, gross negligence and bad faith in not understanding or following the statutory or customary procedures for filing monies into court" were the "sole proximate cause" of his costs, and that Plaintiff should not share in responsibility for those costs. (*Id.* at 5.) In that regard, Plaintiff asserts that, although Defendant attempted to unilaterally deposit Plaintiff's down payment with the Warren County Clerk, Defendant failed to secure a court order for doing so, and that this oversight was the cause of the expenses he incurred. (Dkt. No. 11 at ¶ 8.)

Third, Plaintiff argues that Defendant's request for costs and attorney fees should be denied because Defendant's papers fail to provide "any detail as to how the money he claims was spent." (*Id.* at 5.)

### 3. Defendant's Reply Memorandum of Law

Generally, in reply to Plaintiff's opposition, Defendant asserts the following three arguments. (Dkt. No. 17 [Def.'s Reply Memo. of Law].) First, Defendant argues that Plaintiff confuses the bases of Defendant's motion with the basis of the unrelated counterclaims asserted by Sellers, and that the Court may award costs associated with bringing the motion pursuant to the parties' Contract. (*Id.* at 1.)

Second, Defendant argues that the Plaintiff's Complaint does not allege facts plausibly suggesting that Defendant breached the Contract "or engaged in the type of conduct that would relieve the parties of any obligations to indemnify and hold him harmless" under the Contract. (*Id.* at 2.)

Third, with regard to the specificity with which he has accounted for the costs and attorneys' fees he seeks to recover, Defendant provides a second "Affidavit of Attorneys' Fees"

sworn to by Krumeich.  (Dkt. No. 18 [Krumeich Affidavit II].)  In the affidavit, Krumeich asserts that the time billed on the case was primarily that of an associate attorney preparing the motion to dismiss at a rate of $250 per hour. (*Id.* at ¶ 2.)  Attached to the affidavit as "Exhibit A" is a billing record from Krumeich's firm related to this action, breaking down the time spent and attorneys' fees accrued on various tasks related to the preparation of the motion.  (Dkt. No. 18, Attach. 1 [attaching billing record to Krumeich Affidavit II as "Exhibit A"].)

### 4. Parties' Supplemental Letter-Briefs

At the Court's request, the parties submitted supplemental letter-briefs advising the Court that they consent to the down payment in question being deposited with the Clerk of this Court pursuant to Fed. R. Civ. P. 67(a) and Local Rule 67.1, rather than with the Warren County Clerk. (Dkt. Nos. 40, 42.)

## II. GOVERNING LEGAL STANDARDS

### A. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

It has long been understood that a defendant may base a motion to dismiss for failure to state a claim upon which relief can be granted on either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim.  *Jackson v. Onondaga Cty.*, 549 F. Supp. 2d 204, 211, nn.15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such motions are often based on the first ground, a few words on that ground are appropriate.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  In the Court's view, this tension between permitting a

"short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34(1)(b) at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp. 2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-83, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15

U.S.C. § 1. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 561, 127 S. Ct. at 1968-69. Rather than turning on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 556-70, 127 S. Ct. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean the pleading must contain at least "some factual allegation[s]." *Id*. at 555, 127 S. Ct. at 1965, n.3. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*. at 554, 127 S. Ct. at 1965.[8]

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[8] It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200 (2007) (emphasis added). That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965, n.3 (citing *Conley*, 355 U.S. at 47) (emphasis added). That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough facts set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. *See Rusyniak,* 629 F. Supp. 2d at 214 & n.35 (explaining holding in *Erickson*).

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678, 129 S. Ct. at 1949.

### B. Motion to Deposit Money with Court

Fed. R. Civ. P. 67(a) provides that,

> [i]f any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party--on notice to every other party and by leave of court--may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

-12-

"Rule 67 is a 'procedural device . . . intended to provide a place of safekeeping for disputed funds pending resolution of a legal dispute and not to provide a means of altering the contractual relationships and legal duties of each party.'" *Ray Legal Consulting Group v. DiJoseph*, 37 F. Supp.3d 704, 729 (S.D.N.Y. Aug. 8, 2014) (quoting *Prudential Ins. Co. of Am. v. BMC Indus., Inc.,* 630 F.Supp 1298, 1300 [S.D.N.Y. 1986)]). "It is within the court's discretion to permit or deny such a deposit." *United States v. New York State Supreme Court, Erie Cty.*, 07-CV-0027, 2008 WL 305011, at *3 (W.D.N.Y. Feb. 1, 2008). "Rule 67 is intended to relieve a depositor of the burden of administering an asset. Often, the depositor's only interest in a case is possession of an asset; after depositing it with the Court the depositor is excused from the case." *John v. Sotheby's, Inc.*, 141 F.R.D. 29, 34 (S.D.N.Y. 1992).

### III. ANALYSIS

#### A. Whether Defendant Should Be Directed to Deposit Plaintiff's Down Payment with the Clerk of this Court

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in the parties' letter-briefs and memoranda of law. *See*, *supra*, Part I.B. of this Decision and Order.

#### B. Whether Defendant is Entitled to Costs and Attorneys' Fees

After carefully considering the matter, the Court answers this question in the negative for the reasons stated in Plaintiff's partial opposition to Defendant's motion. *See*, *supra*, Part I.B.2. of this Decision and Order. To those reasons, the Court adds the following analysis.

"Under the general rule in New York, attorneys' fees are the ordinary incidents of litigation and may not be awarded to the prevailing party unless authorized by agreement between the parties, statute, or court rule." *Oscar Gruss & Son, Inc.*, 337 F.3d 186, 199 (2d Cir.

2003); *accord, Gate Techs., LLC v. Delphix Capital Markets, LLC*, 12-CV-7075, 2013 WL 3455484, at *10 (S.D.N.Y. July 9, 2013); *Gorman v. Fowkes*, 97 A.D.3d 726, 727 (N.Y. App. Div., 2d Dep't 2012) ("The general rule is that '[a]n attorney's fee is merely an incident of litigation and is not recoverable absent a specific contractual provision or statutory authority[.]'") (citation omitted).

Here, the Court is not persuaded that costs and attorneys' fees are authorized by the Contract because, liberally construed (as all pleadings must be pursuant to Fed. R. Civ. P. 8), Plaintiff's Complaint alleges facts plausibly suggesting that costs and attorneys' fees were incurred by Defendant with respect to actions or omissions taken or suffered by him in bad faith, in willful disregard of the Contract, or involving gross negligence on his part. Setting aside Defendant's familial relationship to the Sellers and the fact that he allegedly disregarded the Sellers' instruction to return the down payment to Plaintiff on June 23, 2014, the Court notes that the fact that the Warren County Clerk did not accept Defendant's deposit does not appear to have been Plaintiff's fault but the result of Defendant's failure to obtain a "court order."

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion for an Order directing him to deposit Plaintiff's down payment into Court pursuant to Fed. R. Civ. P. 67(a) (Dkt. No. 4) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for an Order directing Plaintiff to pay for his costs and reasonable attorneys' fees (Dkt. No. 4) is **DENIED**; and it is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 67 and Local Rules 67.1 and 67.5 of the Court's Local Rules of Practice, within **FOURTEEN (14) DAYS** of the filing date of this Decision and Order, Defendant shall deposit with the Clerk of the Court (along with a copy of this Decision and Order) a certified check or cashier's check (drawn on a bank insured by the FDIC or FSLIC) in the amount of ONE HUNDRED NINETY-NINE THOUSAND FIVE HUNDRED DOLLARS ($199,500), representing Plaintiff's down payment made pursuant to the Contract between the parties, with any interest having accrued thereon; and it is further

**ORDERED** that, pursuant to Local Rule 67.1 of the Court's Local Rules of Practice and 28 U.S.C. § 2041, within **FOURTEEN (14) DAYS** of the Clerk of the Court's receipt of the above-referenced amount, the Clerk of the Court shall take all reasonable steps to place the above-specified funds in some form of interest-bearing account using the Court Registry Investment System; and it is further

**ORDERED** that, upon the deposit of Plaintiff's down payment with the Clerk of the Court, Defendant shall be **<u>DISCHARGED</u>** from liability with regard to Plaintiff's claims, and the Clerk of the Court shall memorialize Defendant's **<u>DISMISSAL</u>** from this action through a separate entry on the action's docket sheet.

Dated: November 9, 2015
      Syracuse, New York

                                          Hon. Glenn T. Suddaby
                                          Chief, U.S. District Judge